**Everett Don ARLINE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09 83 199 CR.**

Court of Appeals of Texas,
Beaumont.

Jan. 16, 1986.

Ronald Plessala, Nederland, for appellant.

John R. DeWitt, Asst. Crim. Dist. Atty., Beaumont, for appellee.

OPINION

DIES, Chief Justice.

In a published opinion, 690 S.W.2d 20, this Court reversed and remanded this case because the trial court, after timely objection, failed to define "Reasonable belief" in accordance with *TEX. PENAL CODE ANN. sec. 1.07(a)(31)* (Vernon 1974). After the State's petition for discretionary review, the Court of Criminal Appeals remanded the cause to this Court to reconsider the appellant's ground of error in the light of *Almanza v. State*, 686 S.W.2d 157 (Tex.Crim.App.1985).[1]

While both *Almanza* and our case involve challenges to the court's charge, there is no reason to believe the standards

1. *Almanza v. State* was handed down subsequent to the case under review.

set in *Almanza* will not be extended to all phases of our criminal proceedings.[2]

As we see it, *Almanza* sets two standards for consideration: fundamental and preserved. (686 S.W.2d at 171)

If fundamental error is charged, the accused "will obtain a reversal only if the error is so egregious and created such harm that he 'has not had a fair and impartial trial'...."

If the error was the subject of a timely objection in the trial court, then reversal is required if the error is " 'calculated to injure the rights of defendant,' which means no more than that there must be *some* harm to the accused from the error." These distinctions are often difficult to apply but, of course, we are obligated to make the effort.

The case we review falls under the second area. A complete reading of the court's charge persuades us that the appellant was harmed by the court's failure to define "Reasonable belief" in the charge; certainly that seems to be the intention of our legislature. We, therefore, sustain appellant's ground of error, reverse the judgment below, and remand the case for a new trial.

REVERSED AND REMANDED.

---

**2.** In fact, logic compels it.