DIES, Chief Justice,
concurring.
I concur in the results of the majority opinion with these additional remarks. TEX.CODE CRIM.PROC.ANN. art. 1,9.08 (Vernon Supp.1986) requires the following, in part:
“No person shall be selected or serve as a grand juror who does not possess the following qualifications:
“1. He must be a citizen of the state, and of the county in which he is to serve....”
It is understandable the legislature would require a grand juror to be a resident of the county in which he is to serve. An extreme example (and unlikely) may show why. If four members of a grand jury panel moved from Beaumont to El Paso, the grand jury could have a very difficult task accomplishing its work. However, the fact that Kinchen moved to Hardin County should not reverse this case.
In my judgment, since Almanza v. State, 686 S.W.2d 157 (Tex.Crim.App.1985)[1], no indictment for any irregularity should be dismissed by a trial judge without a showing of harm to the defendant. In this case, such was not done. There is no suggestion in the stipulation before us that Kinchen voted on defendant’s indictment.
We must comment that we strongly disfavor the presentation of this problem by a stipulation and, especially, one not signed by Kinchen. We think it would have been better to examine Kinchen under oath so that all matters of interest could have been gone into.

. While Almanza involved error in the charge, we see no reason to restrict it to that. See Arline v. State, 702 S.W.2d 755 (Tex.App.—Beaumont 1986).